*WIDI,OUGHBY, J.
The prisoner having been indicted for felony in the court of Hustings, for the city of Dynchburg, and being “led to the bar in the custody of the sergeant, ’ ’ tendered a special plea in writing, alleging that coming “in his own proper person,” that he ought not to be tried because he had never been arrested and examined before the mayor or any alderman of the said city. The court refused to receive this plea, and exception was taken to such refusal; and having been tried and convicted, the prisoner obtained a writ of error to this court.
I do not think that any error was committed by the court in this refusal. The record shows that the accused was in custody of the court. This also appears by the plea itself, the accused making this plea “in his own proper person.” I do not, therefore, think that this case comes within the provisions of the fifteenth section of ch. 207, as amended by the “act to revise and amend the criminal procedure,” passed April 27th, 1867. By the 2nd sec. of ch. 208, as amended by the same act, the trial of a case like this is to proceed immediately, if the accused is in custody in a court wherein he may be tried, unless good cause is shown for a continuance. The object of the said 15th section is no doubt the same as that of section 15, chapter 207, of the Code of 1860. The language is the same, except that the words “indictment or information” are interpolated, and which do not change the object in this respect. This object is, as it was under the former act, to provide for the accused the right to appear before some tribunal in order that he might have an immediate hearing; so that he might, if the charge should turn out to be entirely unfounded, be discharged; or that he might have some means provided for giving bail for his appearance to the court. If such means were not provided, and the court in which the accused may be tried is not in session at the time of the arrest, he would *have to be taken to jail, however unfounded and frivolous the charge against him might be; where he would be obliged to remain until the sitting of the court. But if the accused is in custody, and the court is in session, there can be no such reason for sending the accused before a justice or other officer, for he can be immediately heard by the court in whose custody he is, as well as by such magistrate or other officer.
The examining court provided for by ch. 205, Code of 1860, was abolished, and with it all its incidents. I can find nothing in the act as amended, which leads me to think that it was intended to confer upon a magistrate or other conservator of the peace, the powers of such examining court, or to grant to accused persons the privileges of such a court.
The judgment of the court below must be affirmed.
BURNHAM, P., concurred in the judgment.
DORMAN, J., dissented.
Judgment affirmed.